UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHANNON D. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-124-TAV-HBG |
| | ) | |
| DR. BERNARD and | ) | |
| GEORGIA CROWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 2], a motion for preliminary injunction [Doc. 3], a motion to appoint counsel [Doc. 5], a motion to expedite preliminary injunction [Doc. 6], and a motion for order of physical examination [Doc. 7]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983. Accordingly, Plaintiff's other pending motions [Docs. 3, 5, 6, and 7] will be **DENIED as moot**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, Plaintiff asserts that he has been denied medical care in violation of the Eighth Amendment [Doc. 1 p. 1]. Plaintiff specifically alleges that, prior to his arrival at Northeast Correctional Complex ("NECX"), he was receiving dosages of both Metformin and insulin twice a day, but that on the day after his arrival at NECX, he was informed by a nurse checking his blood glucose that Defendant Bernard, the medical doctor at NECX, had stopped Plaintiff's prescription to insulin because Defendant Bernard does not like to prescribe insulin to diabetics [*Id.* at 2–3].

2

Plaintiff states that he therefore requested to meet with Defendant Bernard and that, at this meeting, Defendant Bernard explained that he had decided to stop Plaintiff's prescription for insulin because insulin hardens the arteries in the heart and he liked to see if diabetics can manage their diabetes with only oral medication [*Id.* at 3–5]. Plaintiff also states that Defendant Bernard told Plaintiff that he was "trying to save [Plaintiff's] life" [*Id.* at 4]. Plaintiff further alleges that Defendant Bernard took the following actions with regard to Plaintiff's diabetes: (1) increased Plaintiff's dosage of Metformin; (2) ordered accu-checks of Plaintiff's glucose levels for a week; (3) ordered Plaintiff to receive bloodwork in April 2016; and (4) denied Plaintiff's request for a special diabetic diet [*Id.* at 3–5, 6].

Plaintiff explains that since his diagnosis of diabetes in 2008, he has "always required a combined regiment of insulin and oral medication to manage his blood glucose levels" and that "[i]t should have been obvious that [he] could not manage [his] diabetes without the support of insulin" [*Id.* at 4–5]. Plaintiff takes issue with Defendant Bernard's alleged general policy of automatically stopping insulin regiments for diabetic inmates at NECX and specifically asserts that Defendant Bernard ignores previous prescriptions for insulin and "instead, chooses to 'experiment' based upon his own accord and not sound medical judgment" [*Id.* at 5]. While Plaintiff acknowledges that he has no way to know whether his glucose levels have been dangerously high [*Id.* at 8], Plaintiff alleges that he has experienced an increase in the frequency of his urination, dizziness, neuropathic pain, dry skin and dehydration, blurred vision, physical weakness, cold, and weight loss due to elevated glucose levels resulting from the lack of insulin treatment [*Id.* at 6]. Plaintiff also speculates that his A1C levels will "undoubtedly" increase due to the lack of insulin and states that he has suffered mental anguish and panic/anxiety about his meals increasing his glucose levels [*Id.*].

3

As to Defendant Crowell, Plaintiff asserts that she is the Health Services Administrator at NECX, that she had knowledge of Defendant Bernard's policy regarding stopping insulin treatment for diabetics, that she has responsibility for all clinical decisions made at NECX, that she creates NECX's clinical practice guidelines and protocols for diabetes, among other chronic diseases, and that she "acquiesced to the incompetence and irresponsible custom adopted by Dr. Bernard" [*Id.* at 9–10].

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104–5. Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb,* 930 F.2d 1150, 1154–55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose").

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition" is insufficient to support claim for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment, however, as "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 107. Accordingly, where a prisoner receives some medical care and the dispute is over its adequacy, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th

4

Cir. 1976). Likewise, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *Estelle*, 429 U.S. at 105–06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude).

The substantive allegations of Plaintiff's complaint demonstrate that neither Defendant has been deliberately indifferent to Plaintiff's medical needs arising out of his diabetes. Rather, Plaintiff's complaint establishes that Defendant Bernard has made and/or is in the process of gathering information to make a reasoned medical judgment as to how to best treat Plaintiff's diabetes based upon his medical knowledge of a side effect of insulin, that Defendant Bernard believes that his decision to stop treating Plaintiff's diabetes with insulin may save Plaintiff's life, and that Defendant Bernard does not believe that Plaintiff requires a special diabetic diet. While other physicians and Plaintiff may disagree with the Defendant Bernard's medical decisions and/or the medical care that Plaintiff has received, this disagreement is insufficient to support a claim for cruel and unusual punishment under the Eighth Amendment. *Westlake*, 537 F.2d at 860 n. 5; *Keeper*, 130 F.3d at 1314. Plaintiff's assertions that Defendant Bernard's medical decisions regarding treatment of his diabetes are unsound, incorrect, and may cause Plaintiff harm, accepted as true, allege negligence and/or malpractice, but do not support a claim for deliberate indifference. *Estelle*, 429 U.S. at 107. Accordingly, even accepting the allegations of the complaint as true and liberally construing them in favor of Plaintiff, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Bernard.

As Plaintiff's claims against Defendant Crowell also stem from Plaintiff's disagreement with Defendant Crowell's medical judgment and/or depend upon the establishment of a

5

Case 3:16-cv-00124-TAV-HBG   Document 9   Filed 04/08/16   Page 5 of 7   PageID #: 70

constitutional violation on the part of Defendant Bernard, those remaining claims also fail to state a claim upon which relief may be granted under § 1983 and will therefore be dismissed. *Id.*; *In re Duke Energy ERISA Litig.*, 281 F.Supp.2d 786, 795 (6th Cir. 2003).

Accordingly, for the reasons set forth above, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

Because Plaintiff is an inmate at NECX, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of

Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

E N T E R :

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE